Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
(951) 784-7770
(619) 297-1022

Attorneys for Jennifer Suniega

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Jennifer Suniega<br><br>                             Plaintiff,<br>v.<br><br>Law Office of Rosen & Loeb;<br>Atlantic Credit & Finance, Inc.<br><br>                             Defendant. | Case No: '11CV0897 L    WMC<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Jennifer Suniega, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Law Office of Rosen & Loeb ("Defendant Rosen & Loeb") and Atlantic Credit & Finance, Inc., ("Defendant Atlantic Credit"), (collectively "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

///

8. Any and all violations alleged against Defendant Rosen & Loeb are imputed to Defendant Atlantic Credit under the theory of vicarious liability, because the actions undertaken by Defendant Rosen & Loeb were an attempt to collect the alleged debt by an attorney's office on behalf of Defendant Atlantic Credit.

9. All violations alleged under the FDCPA and Rosenthal Act are alleged against all Defendants.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. Because Defendants do business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

14. Defendants conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, therefore Defendants reside in tis judicial district pursuant to 28 U.S.C. § 1391(c).

## PARTIES

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

20. Sometime before June 26, 2009, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before June 26, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before June 26, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Atlantic Credit for collection.

25. On or about June 26, 2009, Defendants mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. On or about March 3, 2010 Defendant Atlantic Credit, through Defendant Rosen & Loeb, filed a state court collection case against Plaintiff seeking to collect the alleged debt in Riverside Superior Court, case number RIC10003603.

29. In its state court complaint, Defendants requested attorneys fees as well as interest on the alleged debt, without alleging any cause of action supporting such requests. Therefore, Defendants were attempting to collect unauthorized fees and costs.

30. Defendants maintained this unauthorized request for attorney fees and costs throughout litigation of the state court action, and again demanded attorney fees and costs in a Declaration of Authorized Agent in Lieu of Live Testimony pursuant to C.C.P. § 98 signed in October 2010, and subsequently mailed to Plaintiff on November 1, 2010.

31. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

32. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

HYDE & SWIGART
Riverside, California

33. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendants violated 15 U.S.C. § 1692f (1).

34. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendants falsely represented that the debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges when, in fact, such fees or charges could not legally be added to the existing obligation.  Consequently, Defendants violated Cal. Civ. Code § 1788.13(e).

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

38. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendants made a false representation of a service rendered or compensation which may be lawfully received concerning the

1  collection of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)
2  (B).
3  40.  Because this violated certain portions of the federal Fair Debt Collection
4  Practices Act as these portions are incorporated by reference in the Rosenthal
5  Fair Debt Collection Practices Act, through California Civil Code § 1788.17,
6  this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

41.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

44.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

46. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 27, 2011         By: /s/ Andrea Darrow Smith
                             Andrea Darrow Smith
                             Attorneys for Plaintiff
                             E-mail: andrea@westcoastlitigation.com

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Law
Jennifer Suniega

**DEFENDANTS**
Law Office of Rosen & Loeb; Atlantic Credit & Finance, Inc.

(b) County of Residence of First Listed Plaintiff: Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart  (951) 784-7770
4129 Main Street, Suite B8 Riverside, CA 92501

Attorneys (If Known): **'11CV0897 L    WMC**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq. (FDCPA)
Brief description of cause:
Unfair Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,001.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 04/27/2011
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____